UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JAMES EDWARD GOUBEAUX, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:19-cv-00205-JMS-DLP |
| ) | |
| I.D.O.C., ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ENTRY GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*, DISMISSING COMPLAINT, AND DIRECTING FURTHER PROCEEDINGS**

This matter is before the Court on Plaintiff James Goubeaux's motion for leave to proceed *in forma pauperis*, dkt. 2, and for screening of his complaint pursuant to 28 U.S.C. § 1915A(b).

**I. Motion for Leave to Proceed *In Forma Pauperis***

Mr. Goubeaux's motion for leave to proceed *in forma pauperis*, dkt. [2], is **granted** to the extent that he is assessed an initial partial filing fee of Three Dollars and Sixty Cents ($3.60). *See* 28 U.S.C. § 1915(b)(1). Mr. Goubeaux shall have **through June 10, 2019**, to pay this sum to the clerk of the district court.

Although Mr. Goubeaux is excused from *pre*-paying the full filing fee, he still must pay the three hundred and fifty dollar ($350.00) filing fee pursuant to the statutory formula set forth in 28 U.S.C. § 1915(b)(2) when able. *See* 28 U.S.C. § 1915(b)(1) ("the prisoner shall be required to pay the full amount of a filing fee.").

## II. Screening

Mr. Goubeaux is an inmate at Putnamville Correctional Facility (PCF). Because Mr. Goubeaux is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen the complaint before service on the defendants.

**A.     Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

**B.     The Complaint**

Mr. Goubeaux's complaint concerns an incident that took place in October 2018, when he was injured by a broken window at Wabash Valley Correctional Facility (WVCF). The complaint names 13 defendants. They include:

- the Indiana Department of Correction (IDOC), which manages WVCF;
- Wexford Health Sources, Inc., which the IDOC has contracted to provide medical care to inmates at WVCF;
- four prison officials employed by the IDOC at WVCF;
- two medical professionals employed by Wexford at WVCF;

2

- four medical professionals at outside facilities where Mr. Goubeaux received treatment for his injuries; and

- Anderberg, which Mr. Goubeaux identifies as the window's manufacturer.

Mr. Goubeaux states that, on October 19, 2018, Officer A. McCullough ordered him to open four windows in his dormitory. The windows were approximately six feet off the ground—above Mr. Goubeaux's head. Although Mr. Goubeaux was able to open three windows, the fourth was painted shut. His right hand went through the glass, which cut his arm and wrist. Healthcare staff at the prison wrapped the wounds, applied a tourniquet, and transported him to the hospital. After surgery and occupational therapy, Mr. Goubeaux's tendons are permanently damaged, and he has not regained full use of his right hand.

**C.     Analysis**

Pursuant to the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement, meaning, they must take reasonable measures to guarantee the safety of the inmates and ensure that they receive adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Prison officials and medical professionals who have accepted the charge of treating inmates violate the Eighth Amendment by demonstrating deliberate indifference to a known risk of serious harm. *See, e.g.*, *Gevas v. McLaughlin*, 798 F.3d 475, 480 (7th Cir. 2015) (a "prison official is liable for failing to protect an inmate . . . only if the official 'knows of and disregards an excessive risk to inmate health or safety.'") (quoting *Farmer*, 511 U.S. at 837 (1994)); *Cesal*, 851 F.3d at 720–21 ("Prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to the serious medical needs of prisoners." (citing *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)).

To state a claim for relief under the Eighth Amendment, a plaintiff must plead allegations that a prison official or medical professional behaved with deliberate indifference—not simply that

3

he or she failed to act competently. *E.g.*, *Giles v. Tobeck*, 895 F.3d 510, 513 (7th Cir. 2018) ("A prison official must respond reasonably to a known risk of harm, but negligence or even gross negligence is not enough to show a constitutional violation."). It is clear that evidence of medical negligence is not enough to prove deliberate indifference. *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 662 (7th Cir. 2016). Negligence may violate a prisoner's legal rights, but it does not violate rights protected by the Constitution.

Mr. Goubeaux's complaint does not include factual allegations that, if true, would show that any defendant was deliberately indifferent to a known risk of serious harm or delayed or deprived him of medical attention. There is no allegation to support a conclusion that any defendant knew Mr. Geoubeaux faced a serious risk of harm and then ignored that obvious risk. Because there are no allegations supporting a plausible claim that Mr. Goubeaux's Eighth Amendment rights were violated, he also cannot state a plausible claim that his Eighth Amendment rights were violated as a result of an unconstitutional policy or practice of the IDOC or Wexford.

At best, the complaint suggests that Anderberg was negligent in designing or manufacturing the windows, that prison staff was negligent in maintaining the windows, that Officer McCullough was negligent in ordering him to open the windows without taking certain precautions, and that the medical professionals failed to treat him effectively. But these claims would be based on state law, so the Court cannot exercise jurisdiction over them as claims arising from the Constitution or laws of the United States. *See* 28 U.S.C. § 1331. And because the complaint does not indicate that any defendant is a citizen of any state but Indiana, the Court cannot exercise diversity jurisdiction over these state-law claims. *See* 28 U.S.C. § 1332; *Altom Transport, Inc. v. Westchester Fire Ins.*, 823 F.3d 416, 420 (7th Cir. 2016) ("Section 1332 requires complete diversity: no plaintiff may be a citizen of the same state as any defendant.").

"The party asserting federal jurisdiction bears the burden of demonstrating its existence." *Farnik v. F.D.I.C.*, 707 F.3d 717, 721 (7th Cir. 2013). Mr. Goubeaux has failed to demonstrate that this Court has jurisdiction over any claim that is reasonably supported by the factual allegations in his complaint.

### III. Dismissal of Complaint and Further Proceedings

For the reasons set forth in Part II(C) above, Mr. Goubeaux's complaint is **dismissed** for **failure to state a claim upon which relief may be granted**. Mr. Goubeaux shall have **through June 10, 2019**, to either (a) **file an amended complaint**, or (b) **show cause** why the Court should not dismiss the action and enter final judgment. Mr. Goubeaux shall also have **through June 10, 2019**, to pay his initial partial filing fee as directed in Part I of this Entry.

Failure to complete either action within the time allotted will result in this action being dismissed and final judgment being entered without further warning or opportunity to show cause.

If Mr. Goubeaux opts to file an amended complaint, it must include the case number associated with this action, No. 2:19-cv-00205-JMS-DLP. Any amended complaint would be screened pursuant to 28 U.S.C. § 1915A(b) and would completely replace the original complaint, so it must include all defendants, claims, and factual allegations Mr. Goubeaux wishes to pursue in this action.

**IT IS SO ORDERED.**

Date: 5/10/2019

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

JAMES EDWARD GOUBEAUX, JR.
223811
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135